## CIRCUIT COURT OF THE CITY OF RICHMOND

Michael E. Locks

v.

Virginia Motor Vehicle
Dealer Board

November 4, 1997

Case No. HI-709-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is an appeal of a state administrative agency decision revoking petitioner's motor vehicle salesperson's license. The parties are petitioner Michael E. Locks and defendant Motor Vehicle Dealer Board.

The parties do not dispute the pertinent facts and matters in the record. Locks sustained a felony conviction in 1986 and received a sentence of forty years in the penitentiary and a fine of $25,000. In December 1995, Locks was paroled and is to remain on parole until June 2020. In January 1996, Locks applied to the Board for a motor vehicle salesperson license pursuant to § 46.2-1508. The application asked if the applicant had ever been convicted of a felony to which Locks answered in the affirmative. Later that month, despite his statement of the felony conviction as a disqualifier for licensure under § 46.2-1575(13), the Board issued Locks a motor vehicle salesperson license. Almost four months after granting the license, the Board notified Locks that his license "has been denied." Thereafter Locks requested a hearing. The Board then notified Locks that he could have a hearing to determine whether his license would be revoked due to a felony conviction. A hearing was held after which a hearing officer submitted proposed findings of fact and conclusions of law to the Board. The hearing officer recommended that Locks be allowed to retain the license. However, the Board decided otherwise and revoked the license.

Locks urges reversal on any one of several grounds as follows:

(1) The record does not support the Board's decision under the substantial evidence test.

(2) The Board's decision was arbitrary and capricious.

(3) The Board cannot issue the license and later revoke it without a later change in circumstances supported by evidence.

(4) The decision violates Locks' constitutional rights under due process of law.

(5) The decision is not consistent with Virginia law and Board policy because Board policy has been that a conviction must be within the preceding five years and the notice of hearing did not assert parole as a basis for revocation.

(6) There is no proven nexus between a felony conviction and promoting the interests of car buyers or preventing unfair competition or disruptive practices.

(7) There is no statutory authority to revoke a salesperson's license as opposed to a dealer's license.

(8) There is no evidence that the decision to first issue the license was erroneous.

(9) The Board failed to consider Locks' unblemished record during the time he did possess a license.

(10) The record lacks evidence to support the Board's finding that Locks is a risk to engage in illegal acts in the future.

This appeal is under the Virginia Administrative Process Act (APA), §§ 9-6.14:1 *et seq.* With respect to the scope of review for cases appealed under the APA, § 9-6.14:17 sets the issues on review in its pertinent parts as follows:

> The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court. Such issues of law include: (i) accordance with constitutional right, power, privilege or immunity, (ii) compliance with statutory authority, jurisdiction, limitations, or right as provided in the basic laws as to subject matter, the stated objectives for which regulations may be made, and the factual showing respecting violations or entitlement in connection with case decisions, (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidential support for findings of fact ... . When the decision on review is so to be made on such

agency record, the duty of the court with respect to issues of fact are limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them as they did ... . the court shall take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted.

It is the court's view that grounds 3, 5, and 8 are essentially a call to apply the doctrine of estoppel to the Board's reverse of position in first granting Locks the license and later deciding to revoke. The court finds these grounds have no merit because estoppel does not apply to a state agency in its performance of a governmental function. *Falls v. Virginia State Bar*, 240 Va. 416, 418 (1990), citing *Gwinn v. Alwood*, 235 Va. 616, 621 (1988).

### Ground No. 1

As the statute governing review states, the standard of review of a state agency decision is substantial evidence. This is in keeping with court decisions. See *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231 (1988). The question under this standard is whether a reasonable mind considering the record could reach the decision the agency did. The court finds under this test that a reasonable mind could come to the same conclusion the Board did under the evidence. There is no merit to this ground.

### Ground No. 2

Because the Board's decision meets the applicable test of substantial evidence, there can be no determination that the Board's decision in this instance was arbitrary or capricious. This ground fails.

### Ground No. 3

It is apparent from the record that the proceedings before the agency comported with the procedural requirements of the A.P.A. Locks had a hearing after notice, a decision within the meaning of "case decision" as defined in the A.P.A was rendered, and he is now seeking judicial review. While Locks complains of a constitutional deprivation, he has not presented a case in this regard. The differences he has with what was done and how it was done do not rise to the level of a constitutional deprivation.

*Ground No. 6*

The court does not find any merit in Locks' contentions under this ground. In deciding that a felony conviction disqualifies one from holding a motor vehicle salesperson's license, the General Assembly by enacting § 46.2-1575(13) apparently found that a nexus exists between a felony conviction and its charge to the Commissioner of the Division of Motor Vehicles to "promote the interests of retail buyers" and "prevent unfair methods of competition and unfair or deceptive acts or practices." See § 46.2-1501. The function of a state agency like the Board is to carry out the charge the Legislature has given it in keeping with the findings necessary under that charge. On examination of § 46.2-1575(13), no such finding is required and the Board was not required to make a specific finding that Locks' felony conviction has a connection with promoting car buying, unfair competition, or illegal sales practices.

*Ground No. 7*

Under § 9-6.14:17, the court must determine whether the question before the state agency complied with statutory authority on the subject matter. As noted, Locks argues that there is no statutory authority to revoke a salesperson's license as opposed to a dealer's license.

A "dealer" and a "salesperson" are each separately defined in § 46.2-1500. Each requires a license for each activity as defined. Because under § 46.2-1575 the Board may revoke "a license ... issued under this subsection" the court finds that the Board clearly has the authority to act on a salesperson's license.

*Ground No. 9*

The court has no reason to conclude that Locks' activity during the time he had a license was anything other than proper. However, considering the standard of review and the statutory mandate the General Assembly has given the Board to carry out its duties, there is no direction to consider this factor in determining whether one is disqualified due to a felony conviction.

### *Ground No. 10*

As has been pointed out, the Board in its decision in this case has the legal justification to do what it did under § 46.2-1575(13). Whatever finding the Board may have made concerning Locks' posing a risk to engage in illegal acts in the future because of the felony conviction was not necessary given the substantiality of the evidence. While the court tends to agree with Locks that there is no basis for such finding, still the question overall is whether the record satisfies the substantial evidence test. The court has found that it does.

### *Conclusion*

For the foregoing reasons the court finds that there is no merit in any of the petitioner's contentions and the appeal is dismissed.